**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IRENE ASUQUO ANDERSON,** ) | |
| **ID # 37393-177,** ) | |
| Plaintiff, ) | |
| **vs.** ) | **No. 3:11-CV-2050-B-BH** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| Defendant. ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On July 14, 2011, Plaintiff filed a motion in case No. 3:08-CR-134 seeking return of property allegedly belonging to her that was seized during execution of a search warrant in connection with that criminal case. (*See* 3:08-CR-134, doc. 55). The government filed a response alleging that Plaintiff is not entitled to the relief she seeks because the seizure occurred in the Eastern District of Texas and that her motion is moot because her property had already been returned to her. (*Id.,* doc. 56.) On August 2, 2011, it was recommended that the motion be construed as a new civil action seeking the return of property under Fed. R. Civ. P. 41(g). (*Id.*, doc. 58). The recommendation was accepted by order dated August 16, 2011. (*Id.* doc. 59.) The order was mailed to Plaintiff on August 17, 2011, and the docket does not reflect that the order was returned.

On August 18, 2011, and the motion was opened as a new civil case, and Plaintiff was sent an order informing her that she had thirty days to pay the $350.00 filing fee or submit an application to proceed *in forma pauperis* (IFP). (*See* doc. 5). The order also specifically warned Plaintiff that

failure to timely pay the filing fee or submit an application to proceed IFP could result in dismissal of the case for failure to prosecute. *Id.* The order was sent to Plaintiff at her most recent address at FMC Carswell. On September 1, 2011, the order was returned with a notation stating "Return to Sender, Attempted-Not Known, Unable to Forward." (doc. 6). The website for the Bureau of Prisons indicates that Plaintiff was released on August 22, 2011. (*See* www.bop.gov, search by inmate number). She has not filed any notice of a change of address.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to provide any notice of her change in address, and an order of the Court has been returned as undeliverable. Because Plaintiff has provided no means for the Court to contact her, she has not shown that she intends to proceed with this action, and it should therefore be dismissed without prejudice for failure to prosecute.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**SIGNED this 12th day of October, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3